

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

January 24, 2006

**FILED**

FEB 2 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA FACSIMILE**

Joseph R. Conte, Esquire
400 Seventh Street, N.W.
Suite 400
Washington, D.C. 20004

              Re:    *United States v. Luis A. Carrillo-Rodriguez*
                      Crim. No. 05-447 (HHK)

Dear Mr. Conte:

      This letter confirms the agreement between your client, Luis A. Carrillo-Rodriguez, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**Luis A. Carrillo-Rodriguez's Obligations, Acknowledgments and Waivers**

      1.     Your client, Luis A. Carrillo-Rodriguez, agrees to admit guilt and enter a plea of guilty to Count 1 of a pending indictment, which charges your client with Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States, in violation of 18 U.S.C. § 1546(a). Your client understands that this charge carries a maximum statutory penalty of 10 years of imprisonment (*see* 18 U.S.C. § 1546(a)), a fine of not more than $250,000.00 (*see* 18 U.S.C. § 3571(b)(3)), or both, and a period of supervised release of not more than three years (*see* 18 U.S.C. § 3583(b)(2)). In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that he will be sentenced according to 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the *United States Sentencing Guidelines Manual* ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. § 3571 and Section 5E1.2 of the

Rev. 1/18/05 daj

Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for (1) a Social Security card and a Resident Alien card in the name of Angel Moreno, Social Security number \*\*\*-\*\*-1573, date of birth July 15, 1965, alien number A096 781 570, and a photograph of a person purporting to be Angel Moreno; (2) a Social Security card and a Resident Alien card in the name of Veronica Espana, Social Security number \*\*\*-\*\*-8531, date of birth September 15, 1962, alien number A096 781 572, and a photograph of a person purporting to be Veronica Espana; (3) a Social Security card and a Resident Alien card in the name of Judith Alas, Social Security number \*\*\*-\*\*-2468, date of birth July 30, 1968, alien number A096 781 571, and photographs of a person purporting to be Judith Alas; and (4) a Social Security card and a Permanent Resident card in the name of Armando Villatoro, Social Security number \*\*\*-\*\*-3517, date of birth May 4, 1979, INS number A092 574 753, and photographs of a person purporting to be Armando Villatoro.

3. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of the following property: (1) a Social Security card and a Resident Alien card in the name of Angel Moreno, Social Security number \*\*\*-\*\*-1573, date of birth July 15, 1965, alien number A096 781 570, and a photograph of a person purporting to be Angel Moreno; (2) a Social Security card and a Resident Alien card in the name of Veronica Espana, Social Security number \*\*\*-\*\*-8531, date of birth September 15, 1962, alien number A096 781 572, and a photograph of a person purporting to be Veronica Espana; (3) a Social Security card and a Resident Alien card in the name of Judith Alas, Social Security number \*\*\*-\*\*-2468, date of birth July 30, 1968, alien number A096 781 571, and photographs of a person purporting to be Judith Alas; and (4) a Social Security card and a Permanent Resident card in the name of Armando Villatoro, Social Security number \*\*\*-\*\*-3517, date of birth May 4, 1979, INS number A092 574 753, and photographs of a person purporting to be Armando Villatoro. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

4. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

6. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the *United States Sentencing Guidelines Manual*. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

7. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

9. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client will request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

## The Government's Obligations, Acknowledgments and Waivers

10. This Office will request that the Court dismiss the remaining count of the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charge to be dismissed at the time of sentencing was based in fact.

11. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established

by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw the plea of guilty in this case.

**General Conditions**

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement binds only the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; United States Immigration and Customs Enforcement; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Your client is not a citizen of the United States. Your client understands and acknowledges that the guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of United States Immigration and Customs Enforcement.

14. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
United States Attorney

JESSIE K. LIU
Assistant United States Attorney

Rev. 1/18/05 daj

-4-

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Joseph R. Conte, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2/2/06

_Luis Alberto Carrillo Rodriguez_
LUIS A. CARRILLO-RODRIGUEZ
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2/2/06

_Joseph R. Conte_
JOSEPH R. CONTE, ESQUIRE
Attorney for Defendant

Rev. 1/18/05 daj

-5-